NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-990

JOHN DOE, SEX OFFENDER REGISTRY BOARD NO. 61214

vs.

SEX OFFENDER REGISTRY BOARD.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, John Doe, appeals from a Superior Court judgment affirming a classification by the Sex Offender Registry Board (the board) classifying him as a level three sex offender. On appeal, Doe argues that the board's classification was both arbitrary and capricious and an abuse of discretion because the board failed to prove, by clear and convincing evidence, that he poses a high risk of reoffending.  We affirm.

Background.  Doe committed two separate governing sex offenses that served as the basis for his classification.  He also has an extensive history of criminal conduct unrelated to his sexual offenses.  We summarize these offenses below.

1.  2020 sex offense.  On July 18, 2020, a fourteen year old girl walked to a public park to wait for her mother to finish her appointment at a hair salon.  While she waited in the park, Doe, age fifty-three, attempted to get her attention by calling out to her.  The girl walked to where Doe was sitting, and he told her that he wanted to dance and grabbed her hand.[1]  The girl pulled her hand away and Doe kissed her on the neck.  The girl went back to the hair salon, where she waited for her mother in the first-floor entryway of the building due to COVID-19 restrictions.  Doe followed the girl, stepped into the entryway of the building where she was waiting, and told her that he called out to her earlier because he wanted to see "if [he] could tickle that kitty's tail."  Doe then proceeded to put his hands on the girl's breasts and buttocks over her clothing.

Doe was convicted in Northampton District Court on one count of indecent assault and battery and one count of assault and battery.  He received a two-year committed sentence for indecent assault and battery and a two and one-half year suspended sentence with four years of probation for assault and battery.

---

[1] The hearing examiner found that Doe walked to the victim. Nothing turns on this discrepancy.

2. 1980 sex offense. On April 4, 1980, Doe was found delinquent in the Worcester Juvenile Court as to one count of rape and one count of unarmed assault with an intent to rob. The police report related to those convictions reflect that on February 18, 1980, Doe, then age thirteen, approached a thirteen year old boy at an arcade within a mall. Doe told the boy to follow him outside and led the boy behind the mall. Once outside, Doe told the boy he had a knife and would kill him if he did not give him money. The boy gave Doe three dollars and twenty cents. Doe then forced the boy to enter and old train station nearby, where they proceeded up a flight of stairs and into an empty room. Doe then took off the boy's clothes, forced the boy to fellate him, and then twice anally raped the boy with his penis.

3. Criminal history. Doe has a long criminal history that includes, inter alia, convictions for assault with an intent to rob, assault and battery by means of a dangerous weapon, assault with an intent to kill, burglary, and carjacking. Doe has served multiple terms of incarceration over the last forty years. Notably, many of which were a result of probation revocations.

Discussion. 1. Standard of review. A level three classification is warranted where the hearing examiner "make[s]

3

explicit" findings, supported by clear and convincing evidence, that the offender presents "a high risk of reoffense, a high degree of dangerousness, and a public safety interest is served by active dissemination of the offender's registry information." Doe, Sex Offender Registry Bd. No. 6729 v. Sex Offender Registry Bd., 490 Mass. 759, 768 (2022) (Doe No. 6729). "A reviewing court may set aside or modify [the board's] classification decision where it determines that the decision is in excess of [the board's] statutory authority or jurisdiction, violates constitutional provisions, is based on an error of law, or is not supported by substantial evidence." Doe, Sex Offender Registry Bd. No. 496501 v. Sex Offender Registry Bd., 482 Mass. 643, 649 (2019), citing G. L. c. 30A, § 14 (7).

In assessing the offender's dangerousness and likelihood to reoffend, the hearing examiner is "guided by [several] . . . statutory risk factors" and various "aggravating and mitigating considerations." Doe, Sex Offender Registry Bd. No. 23656 v. Sex Offender Registry Bd., 483 Mass. 131, 134 (2019). See G. L. c. 6, § 178K (1) (a)-(l); 803 Code Mass. Regs. § 1.33 (2016). Ultimately, "[t]he final classification level is not based on a cumulative analysis of the applicable factors, but rather a qualitative analysis of the individual sex offender's history and personal circumstances." 803 Code Mass. Regs. § 1.33

4

(2016). "An abuse of discretion occurs where the hearing examiner makes 'a clear error of judgment in weighing the [relevant] factors . . . such that the [outcome] falls outside the range of reasonable alternatives.'" Doe, Sex Offender Registry Bd. No. 356315 v. Sex Offender Registry Bd., 99 Mass. App. Ct. 292, 299 (2021), quoting L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

2. Doe's risk of reoffending. Doe asserts that the board failed to prove that he poses a high risk of reoffending. We disagree.

As an initial matter, Doe does not challenge the risk factors applied by the hearing examiner or their application. For example, while Doe correctly points out that risk mitigating factors 28, 30, 33, and 34 apply to his case, he does not argue that the hearing examiner abused his discretion by assigning only minimal weight to these factors. Indeed, after reviewing the hearing examiner's application of the relevant risk factors, we agree with the judge below that the determination that Doe has a high risk to reoffend and his level three classification were supported by clear and convincing evidence. Doe No. 6729, 490 Mass. at 768.

Doe also argues, without citing supporting case law, that it was "extremely unfair" for the hearing examiner to consider

5

Doe's 1980 sex offense in determining his classification because it occurred "four decades ago -- when Doe . . . was a juvenile." However, it is well established that a hearing examiner is permitted to consider juvenile sex offenses when determining an adult offender's classification, and many of the regulatory factors expressly contemplate the effect that juvenile sexual misconduct has on an adult offender's risk of reoffense.[2] See 803 Code Mass. Regs. § 1.33(2)(c) (2016) ("offender who engages in sexual misconduct after having been charged with . . . a prior sex offense [as a juvenile] presents an even higher risk to reoffend"). See also 803 Code Mass. Regs. § 1.33(4) (2016) ("Offenders who manifest an early onset and persistence of deviant sexual interests or behaviors are at a higher risk to reoffend sexually"). Additionally, Doe's vast criminal history, that includes numerous convictions for violent conduct, also supports the hearing examiner's conclusion that he has a high risk to reoffend. See 803 Code Mass. Regs. § 1.33(10)(a) (2016) ("Lawlessness and antisocial behavior correlate with risk of reoffense and degree of dangerousness"). See also 803 Code Mass. Regs. § 1.33(11)(a) (2016) ("offender is more likely to reoffend . . . if he has previously demonstrated that he can act

_____

[2] Doe also does not challenge the validity of the regulations.

6

violently").  As such, the hearing examiner's decision was supported by substantial evidence.

<u>Judgment affirmed</u>.

By the Court (Henry,
  Desmond & Englander, JJ.[3]),

*Paul Little*

Clerk

Entered:  February 20, 2025.

---

[3] The panelists are listed in order of seniority.